# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOUIS GIANNINI and DAWN GIANNINI,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, ANY/ALL IRS AGENTS, DEPARTMENT OF THE TREASURY, DOJ, COMMISSIONER OF INTERNAL REVENUE, and U.S. TAX COURT,<br><br>      Defendants. | Case No. 23-CV-693-JPS<br><br><br>**ORDER** |

   On June 2, 2023, Plaintiffs Louis Giannini and Dawn Giannini ("Plaintiffs"), proceeding pro se, filed a complaint against Defendants United States of America, Internal Revenue Service, Any/All IRS Agents, Department of the Treasury, DOJ, Commissioner of Internal Revenue, and U.S. Tax Court (together, "Defendants"). ECF No. 1.

   Plaintiffs paid the filing fee for this action. *Id*. While the Court typically reserves the exercise of screening a complaint for those situations wherein the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint for which the filing fee has been paid where such complaint presents obvious issues with pleading and/or frivolity. The Court will do so in this case.

1.  **SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). In other words, "[a] complaint should . . . never reduce the defendant to a beach bum with a metal detector, scouring the vast expanse for leads." *Id.*

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharma. v. Abbott Labs.*, 630 F.2d

1383, 1387 (10th Cir. 1980). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain" unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, No. 1:18-CV-01336-GSA-PC, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8).

Shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 WL 5971985, at *26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal.") (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

Page 3 of 8
Case 2:23-cv-00693-JPS    Filed 06/20/23    Page 3 of 8    Document 5

550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2.    RELEVANT ALLEGATIONS

Plaintiffs' allegations are precisely what the Seventh Circuit warned of when it described the task of reviewing pleadings as "try[ing] to fish a gold coin from a bucket of mud" or roaming the beach "with a metal detector, scouring the vast expanse for leads." *Lockheed-Martin Corp.*, 328 F.3d at 378. Plaintiffs' complaint is best described as a rambling and confusing recitation of their streams-of-consciousness and generalized grievances.

As best as the Court can discern, Plaintiffs contend that they are "stateless" people "outside any/all jurisdiction of the federal government"; therefore, they need not pay taxes. ECF No. 1 at 7. They allege that Defendants have not been able to "support [their] allegations that [Plaintiffs] were/are Taxpayers." *Id.* at 8; *see also id.* at 10 ("I do declare that I am not and I never was a 'taxpayer' as that term is defined in the Internal Revenue Code . . . . [and] that I am, and have always been, a 'non-taxpayer' . . . ."). Plaintiffs reference their Form 1040 individual tax returns, arguing that they "have no legal duty or obligation whatsoever to complete and file a 'Form 1040[']." *Id.* at 11. Their requested relief appears to be an order declaring that the Internal Revenue Code, Title 26 of the United States Code, "has never been enacted." *Id.* at 17.

3.  ANALYSIS

All Defendants named in this action generally have sovereign immunity from suit in actions regarding the assessment or collection of taxes. *Snyder v. I.R.S.*, 596 F. Supp. 240, 245–47 (N.D. Ind. 1984). However, as Plaintiffs recognize in their complaint, Congress has waived such sovereign immunity over tax refund suits. ECF No. 1 at 9 (citing *Travis v. United States*, 824 F. App'x 575, 577 (10th Cir. 2020)). As in *Travis*, a tax refund suit is "[t]he only conceivable basis for subject matter jurisdiction over [Plaintiffs'] complaint." *Travis*, 824 F. App'x at 576. District courts lack jurisdiction to hear claims that "income tax provisions of the Internal Revenue Code are invalid under numerous constitutional guarantees." *Id.* This is further so because, to the extent Plaintiffs claim they are "stateless," outside the reach of the federal government, or that they "can't lawfully be taxed," these types of claims have been "repeatedly rejected" by the Seventh Circuit. *Bey v. State*, 847 F.3d 559, 559–560 (7th Cir. 2017) (collecting cases) (further discussing "so-called" sovereign citizenship).

As explained in *Travis*, district courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a)(1). However, the waiver of sovereign immunity is not unlimited; "[b]efore filing suit, 'the taxpayer must comply with the tax refund scheme established in the Code.'" *Travis*, 824 F. App'x at 577 (quoting *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008)). "That scheme provides that a claim for a refund must be filed with the [IRS] before suit can be

brought, and establishes strict timeframes for filing such a claim." *Id.* (citation omitted); *see also* 26 U.S.C. § 7422.

Here, Plaintiffs' complaint, "even construed liberally, does not plead that they filed a claim with the IRS at all, much less within the . . . statute of limitations" set by 26 U.S.C. § 6511(a). *Bolden v. United States*, No. 12-CV-01440, 2013 WL 389028, at *3 (N.D. Ill. Jan. 31, 2013). Nor do their exhibits include any such filings. ECF No. 1-1. Because a tax refund claim pursuant to 28 U.S.C. § 1346(a)(1) is the "only conceivable basis" for the Court's jurisdiction over Plaintiffs' suit, the Court will afford them leave to amend their complaint to the extent this is the claim they are pleading. *Travis*, 824 F. App'x at 576. If Plaintiffs fail to do so, or if they again reiterate the same claims the Court has already stated it cannot hear, the case will be dismissed without prejudice. *Id.* at 577 (dismissal of similar claims related to jurisdiction shall operate without prejudice).

4. **CONCLUSION**

If Plaintiffs elect to file an amended complaint it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915. Any amended complaint must be filed on or before **July 11, 2023**. Failure to file an amended complaint within this time period will result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form. Plaintiffs should use the spaces on pages two and three to allege the key facts that give rise to the claims they wish to bring. If the space is not enough, Plaintiffs may use up to five additional sheets of paper.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and

Page 6 of 8
Case 2:23-cv-00693-JPS   Filed 06/20/23   Page 6 of 8   Document 5

must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiffs wish to file an amended complaint, they must include *all* of the allegations and claims (including those from the original complaint) that they wish to make, in a single filing without reference to other documents.

**The Court warns Plaintiffs that if they fail to comply with this or any of the Court's orders, their case will be dismissed without further notice for failure to prosecute.**

Accordingly,

**IT IS ORDERED** that on or before **July 11, 2023**, Plaintiffs Louis Giannini and Dawn Giannini submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiffs Louis Giannini and Dawn Giannini a blank amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiffs are further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFFS FAIL TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.