# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOUIS GIANNINI and DAWN GIANNINI,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, ANY/ALL IRS AGENTS, DEPARTMENT OF THE TREASURY, DOJ, COMMISSIONER OF INTERNAL REVENUE, and U.S. TAX COURT,<br><br>                Defendants. | Case No. 23-CV-693-JPS<br><br><br>**ORDER** |

On June 2, 2023, Plaintiffs Louis Giannini and Dawn Giannini ("Plaintiffs"), proceeding pro se, filed this action against Defendants United States of America, Internal Revenue Service, Any/All IRS Agents, Department of the Treasury, DOJ, Commissioner of Internal Revenue, and U.S. Tax Court (together, "Defendants"). ECF No. 1.

On June 20, 2023, despite Plaintiffs having paid the filing fee for this action, the Court exercised its discretion and screened the action because it presented obvious issues with pleading and/or frivolity. ECF No. 5 at 1–2 (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . .") and *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

power to screen complaints filed by all litigants . . . regardless of fee status.")).

The Court found Plaintiffs' allegations that they are "stateless" people "outside any/all jurisdiction of the federal government" and therefore, they need not pay taxes, evocative of "so-called" sovereign citizenship, which claims the Seventh Circuit has "repeatedly rejected." *Id.* at 4, 5 (citing *Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017)). The Court further explained that "[d]istrict courts lack jurisdiction to hear claims that 'income tax provisions of the Internal Revenue Code are invalid under numerous constitutional guarantees.'" *Id.* at 5 (quoting *Travis v. United States*, 824 F. App'x 575, 577 (10th Cir. 2020)). Because Plaintiffs' relief as requested in the complaint was for the Court to void the Internal Revenue Code and recognize Plaintiffs' statelessness, the Court held that Plaintiffs failed to state a claim. *Id.* at 5–6. However, the Court allowed Plaintiffs leave to amend their complaint to the extent they sought to raise, for example, a properly exhausted tax refund suit. *Id.* The Court warned that if Plaintiffs "fail to do so, or if they again reiterate the same claims the Court has already stated it cannot hear, the case will be dismissed without prejudice." *Id.* at 6.

On July 11, 2023, Plaintiffs filed their amended complaint. ECF No. 6. The amended complaint copies and pastes large chunks of the original complaint. *Compare id.* at 3, *with* ECF No. 1 at 9. Plaintiffs continue to argue they are stateless, "transient foreigner[s] without legal domicile" and that they are not taxpayers. ECF No. 6 at 3, 4. Plaintiffs make no effort to plead a viable suit or to remedy any of the deficiencies the Court observed in its screening order. Simply put, Plaintiffs continue to plead claims the Seventh Circuit has "repeatedly rejected." *Bey*, 847 F.3d at 559–

60. Therefore, true to its word, the Court will dismiss this case without prejudice for lack of jurisdiction.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.